

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AAS/DMP:ICR/NJM  *271 Cadman Plaza East*
F. #2015R01787  *Brooklyn, New York 11201*

April 20, 2018

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Dan Zhong
     <u>Criminal Docket No. 16-614 (DLI)</u>

Dear Chief Judge Irizarry:

   The government respectfully submits this letter in response to the Court's April 6, 2018 Order, indicating that the Court was inclined to grant the defendant's February 28, 2018 request to disclose materials designated "Sensitive Discovery Material" pursuant to the February 22, 2017 protective order, ECF No. 37 (the "Protective Order"), to one or more additional parties.

   The government indicated during the February 21, 2018 status conference that the government could not "take a position" as to whether such a disclosure would be appropriate without knowing "what materials the defense intends to disclose and who[m] they intend to disclose them to." <u>See</u> Tr. of Feb. 21, 2018 Status Conference, ECF No. 106, at 31. The reason that the government cannot take such a position is because there are many different types of material subject to the Protective Order, including many types of very sensitive material (<u>e.g.</u>, sealed affidavits in support of search warrants that detail ongoing investigations into uncharged targets and conduct, bank records of individuals and entities other than the defendant, and the contents of many individuals' personal electronic devices, to name a few). Divulging some of those categories of documents to some individuals would not pose any problem, whereas divulging, for example, the contents of the warrant affidavit to an identified target, an individual's bank records to a spouse or ex-spouse, sensitive U.S. government records to the government of the People's Republic of China, or the contents of an ex-employee's personal electronic device to a potential new employer, would pose serious

concerns.[1] The government has received literally no information from the defense about the types of information that the defense seeks to disclose or the people to whom they seek to make the disclosures.

Recognizing that the defense might not wish to share their litigation strategy with the government for valid reasons, the government further noted that the Protective Order included a procedure pursuant to which the defense could "seek court review and court permission" to make such a disclosure "without involving the government." Id. at 31-32; see Protective Order ¶ 4.

The government understands that the defense followed the procedures identified in paragraph four of the Protective Order. Assuming that the Court has reviewed the materials the defendant provided to the Court ex parte and that defense counsel have fully disclosed to the Court the identities of the persons to whom the defense intends to disclose such materials, the government necessarily defers to the Court's assessment and determination of defense counsel's request.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Alexander A. Solomon
Alexander A. Solomon
Douglas M. Pravda
Ian C. Richardson
Nicholas J. Moscow
Assistant U.S. Attorneys
(718) 254-7000

cc: Defense counsel (by ECF)

---

[1] It is not feasible to create a comprehensive list of all of the disclosures of protected materials that would be problematic—and for that reason the Protective Order sets forth a presumption that such a disclosure would be problematic, absent a showing by the defense as to the specific disclosures that the defense seeks to make.